[No. 84186-1. En Banc.]
Considered November 4, 2010. Decided November 10, 2010.

*In the Matter of the Custody of* S.C.D.-L.

EDNA MICHELE LITTELL, *Respondent*, v. AARON ANTHONY LITTELL, *Petitioner*.

514

*Gary R. Stenzel* (of *Gary R. Stenzel PS*), for petitioner.

*Allen M. Gauper* (of *Salina Sanger & Gauper*), for respondent.

¶1 PER CURIAM — This is a nonparent child custody case. The trial court granted custody of S.C.D.-L. to her grandmother, Edna Littell, and the Court of Appeals affirmed. We reverse and vacate the trial court's order because Ms. Littell failed to allege or offer facts at the show cause hearing

conducted under RCW 26.10.030 that S.C.D.-L. was not in the physical custody of one of her parents or that neither parent was a suitable custodian.

¶2 S.C.D.-L. was born in April 1996 to Sara Daniels. Aaron Littell originally denied paternity but after paternity testing in 1998 showed he was S.C.D.-L.'s father, he sought and was granted custody. Mr. Littell married his current wife in 2000, and in 2002 they moved to California, taking S.C.D.-L. with them. S.C.D.-L.'s school noticed "problems" and contacted California's child services department, which began an investigation. Mr. Littell wanted to avoid involving child services in S.C.D.-L.'s life, so in December 2002 he arranged to have his mother, Ms. Littell, who lives in Spokane, take temporary custody of her. S.C.D.-L. had apparently been professionally evaluated in California, and Mr. Littell provided Ms. Littell with a typed list of S.C.D.-L.'s problems, including frequent mood swings, hyperactivity, depressed moods, self-mutilating behavior, pathological lying, stealing, lack of impulse control, oppositional behavior, and compulsive behavior. Mr. Littell said he gave the list to Ms. Littell to help her understand and care for S.C.D.-L.

¶3 After S.C.D.-L. moved to Spokane, Ms. Littell obtained counseling for S.C.D.-L. that resulted in improved behavior. S.C.D.-L. spent six weeks with Mr. Littell in California during the summer of 2003, and she spent Christmas with him in Spokane in 2006. Otherwise, Mr. Littell had no physical contact with S.C.D.-L., although he maintained constant telephone contact with her. The relationship between Mr. Littell and Ms. Littell began deteriorating in 2005. Mr. Littell says that Ms. Littell thwarted his efforts to spend time with S.C.D.-L. and she resisted returning S.C.D.-L. to California. In December 2007, Mr. Littell traveled to Spokane and took S.C.D.-L. back to California.

¶4 On January 3, 2008, Ms. Littell filed a nonparent child custody petition. She moved the trial court to shorten the time for an adequate cause hearing from 60 to 20 days, which the court granted, setting a hearing for January 25, 2008. Ms. Littell also obtained an ex parte temporary

restraining order, ordering Mr. Littell to return S.C.D.-L. to her custody. Mr. Littell obtained a continuance to February 1, 2008, at which time the trial court held a show cause hearing and found adequate cause to proceed to trial. The trial court authorized the appointment of a guardian ad litem, but none was ever appointed. The court also authorized visitation. S.C.D.-L. spent the summer before trial with Mr. Littell in California, apparently without any problems. S.C.D.-L. participated in treatment over the summer months.

¶5 The matter went to trial in August 2008. The trial court found that placing S.C.D.-L. with Mr. Littell would detrimentally affect S.C.D.-L. and it awarded custody to Ms. Littell.

¶6 This court transferred Mr. Littell's direct appeal to the Court of Appeals, which affirmed. We granted Mr. Littell's petition for review and now reverse the Court of Appeals.

¶7 A nonparent may petition for custody of a child if the child is not in the physical custody of a parent or if the petitioner alleges that neither parent is a suitable custodian. RCW 26.10.030(1). The trial court must deny a hearing on the petition unless the nonparent submits an affidavit (1) declaring that the child is not in the physical custody of one of the child's parents or that neither parent is a suitable custodian and (2) setting forth facts supporting the requested custody order. *In re Custody of E.A.T.W.*, 168 Wn.2d 335, 348, 227 P.3d 1284 (2010). S.C.D.-L. was in Mr. Littell's physical custody at the time Ms. Littell filed her petition, and the petition does not allege that he is an unfit parent. Instead, the petition implies it would be in the child's best interest to reside with Ms. Littell, but the " 'best interests of the child' " standard does not apply to nonparent custody actions. *In re Custody of Shields*, 157 Wn.2d 126, 150, 136 P.3d 117 (2006). Further, the petition avers no facts that would support the required allegation that Mr. Littell is an unsuitable custodian.

■ ¶8 The trial court thus erred by finding adequate cause to proceed to trial. The purpose of a show cause hearing conducted under RCW 26.10.030 is to avoid unnecessary trials, since they are disruptive to families. *E.A.T.W.*, 168 Wn.2d at 348. As we said in *E.A.T.W.*, "A useless hearing is thus an unnecessary disruption and an evil to be avoided." *Id.*

¶9 Because this matter should not have proceeded to trial, we reverse the Court of Appeals and vacate the trial court's nonparent custody order.